Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
David R. Shein (SBN 230870)
david@donigerlawfirm.com
DONIGER / BURROUGHS APC
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff Sonya Dakar

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONYA DAKAR, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>STRIPT WAX BAR, LLC, a California limited liability company; KATHERINE GOLDMAN, an individual; DOES 1 – 10 inclusive,<br><br>  Defendants. | CASE NO.<br><br>**COMPLAINT FOR:**<br>1. **TRADEMARK INFRINGEMENT**<br>2. **TRADEMARK CANCELLATION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Sonya Dakar, by and through her undersigned attorneys, complains and allege against defendants STRIPT Wax Bar, LLC and Katherine Goldman as follows:

### NATURE OF THE ACTION

1. Sonya Dakar seeks injunctive relief and damages for acts of trademark infringement, false designation of origin and unfair competition engaged in by Defendant STRIPT Wax Bar, LLC, Katherine Goldman, and DOES 1 – 10 (collectively, "Defendants") in violation of the laws of the United States and the State of California.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the subject matter of this action pursuant to Sections 37 and 39 of the Lanham Act (15 U.S.C. §§ 1119 and 1121), and 28 U.S.C. §§1331, 1332, and 1338, and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Sonya Dakar's claims are predicated upon the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 et seq., and substantial and related claims under the statutory and common law of the State of California.

3. The Court has personal jurisdiction over Defendants because Defendants' are doing business in the State of California and this judicial district; Defendants purposefully availed themselves of the privileges of conducting business in the State of California and this judicial district; Defendants regularly conduct business within the State of California and this judicial district; and Sonya Dakar' causes of action arise from Defendants' activities in the State of California and this judicial district.

4. Venue is properly founded in this judicial district pursuant to 28 U.S.C. § 1391(b), because Defendants are subject to personal jurisdiction within this judicial district, and the events giving rise to these claims occurred within this judicial district.

## THE PARTIES

5. Sonya Dakar is an individual residing in and doing business in Los Angeles County, California. Sonya Dakar is engaged, inter alia, in the creation, promotion and sales of skincare products bearing the Flash Facial trademark in interstate commerce throughout the United States.

6. Upon information and belief, defendant STRIPT Wax Bar, LLC ("STRIPT") is a limited liability company organized and existing under the laws of the State of California, having its principal place of business at 47 Pine Avenue,

San Carlos, California, and is doing business in this district, including at 8218 West 3rd Street, Los Angeles, CA 94008.

7.     Upon information and belief, defendant Katherine Goldman is an individual residing in and doing business in the state of California as an esthetician and is the founder and owner of Defendant STRIPT. Upon information and belief, Ms. Goldman is doing business in this district including at 8218 West 3rd Street, Los Angeles, CA 94008.

8.     Upon information and belief, Defendants DOES 1-10, inclusive, are other parties not yet identified who have infringed Ms. Dakar's Flash Facial trademark, engaged in unfair competition, or engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sue said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9.     Upon information and belief, at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Ms. Dakar's rights and the damages to Ms. Dakar proximately caused thereby.

**FLASH FACIAL BRAND AND TRADEMARKS**

10.    Sonya Dakar is the owner, and the sole and exclusive licensor and distributor, of high-quality products and services sold and offered for sale under the Flash Facial trademark. Sonya Dakar is a nationally renowned esthetician and

skin care specialist who has gained international acclaim for her celebrity clientele (clients have included, Gwyneth Paltrow, Drew Barrymore, Fergie and Jennifer Lawrence), specialized procedures, and high quality skincare products that are sold throughout spas and salons throughout the world.

11. In mid-2010 Ms. Dakar began marketing and selling a high quality exfoliating treatment throughout the United States, and in particular in and around California, under the Flash Facial trademark. As of 2012 Flash Facial received national reviews and publicity, and today the Flash Facial mark is synonymous with quality skincare products and consumers and the trade instantly identify Sonya Dakar as the source of all product bearing the Flash Facial trademark.

12. For at least two and half years prior to any date of priority upon which Defendants can rely, Sonya Dakar adopted and has continuously used the Flash Facial mark in connection with innovative and high quality skin care product. Accordingly, Sonya Dakar owns longstanding common law trademark rights and has engaged in continuous use of the Flash Facial trademark since at least as early as August 2010, to the present.

13. Sonya Dakar has sold her Flash Facial product in the most well-known online and brick and mortar retailers of skincare products in California and the United States, including www.skin1.com, www.dermstore.com, and www.beautybar.com. Examples of the use of the Flash Facial trademark in the marketplace are attached hereto as Exhibit A.

14. Product sold under the Flash Facial trademark has been extensively advertised and promoted. Consumers have been exposed to the Flash Facial trademark through features in widely read national magazines since 2011 including Allure, Vogue, US Magazine, and People Magazine, online advertisements, and through social media.

15. Sonya Dakar always endeavors to maintain the prestige and reputation for quality associated with the Flash Facial trademark. Strict quality control

standards are imposed in the manufacture of all the product bearing the Flash Facial trademark. Sonya Dakar' painstaking adherence to only the highest quality standards has resulted in widespread and favorable public acceptance among consumers for product bearing the Flash Facial trademark.

16. As a result of the advertising and promotion, sales success and adherence to the highest quality standards, the Flash Facial trademark is widely-recognized by consumers and the trade, immediately identifying Sonya Dakar as the exclusive source of the product to which the Flash Facial mark is affixed, and signifying goodwill of incalculable value.

## DEFENDANTS' ACTS OF INFRINGEMENT AND UNFAIR COMPETITION

17. Upon information and belief, Defendants own and operate nine salons across California that offer waxing, facials, spray tanning and other beauty services and since December 2013 have used and promoted "Flash Facial" in connection with their skin care services (the "Infringing Mark") and applied to register Flash Facial with the United States Patent and Trademark for services including: "Aesthetician services; Beauty spa services, namely, cosmetic body care; Cosmetic skin care services; Cosmetic skin treatments, namely, skin exfoliation services, skin washing services" STRIPT subsequently obtained U.S. Reg. No. 4600598. A true and correct copy of STRIPT's trademark registration is attached as Exhibit B.

18. Upon information and belief, Defendants are using the Infringing Marks in connection with services that are closely connected to Ms. Dakar's exfoliating product bearing the Flash Facial trademark (the "Infringing Services") in salons throughout California and the United States. A true and correct copy of Defendants' specimen of use filed with the PTO is attached hereto as Exhibit C.

19. Defendants filed the application to register "Flash Facial" with PTO almost two and half years after Ms. Dakar's use of the Flash Facial trademark in the United States. On information and belief, Defendants filed the application for

registration either without prior investigation into whether third parties had prior rights to use the Flash Facial mark in the United States, or with knowledge of Ms. Dakar's use and without disclosing the same to the United States Trademark Office.

20. On January 23, 2015, Sonya Dakar sent a letter to Defendants demonstrating her prior uses and rights in the Flash Facial mark and requested to set up a phone call to discuss a resolution to the dispute but to no avail. On March 17, 2015 Ms. Dakar sent a second letter to Defendants demanding that they cease uses of the Infringing Mark and demanded a withdrawal of their registration.

21. Subsequently, Ms. Dakar and the Defendants commenced negotiations for an agreement whereby STRIPT would assign its registration to Ms. Dakar, would agree to not challenge an application by Ms. Dakar to register her Flash Facial mark with the PTO and for a limited license for STRIPT to use "Flash Facial" in connection with its services. Negotiations, however, fell through as the parties could not agree to all terms, and specifically, STRIPT's insistence that it (1) be paid for its transferring of its rights in the Infringing Mark, (2) have a right to continue using the Infringing Mark, and (3) have a right to assign any license granted by Ms. Dakar to third parties.

22. Defendants are marketing and providing the Infringing Services in the same channels of trade as Sonya Dakar. Ms. Dakar owns and operates a skincare clinic wherein she provides skin care services and sells product including her Flash Facial product. Indeed, on January 11, 2015, the PTO issued a refusal to register a third-party's Section 1(B) intent to use application for "Flash Facial" in connection with products including "Cosmetic preparations for skin care; Non-medicated cleansers for personal use, namely, facial cleansers; Non-medicated skin care preparations; Skin masks; Skin whitening preparations" on the grounds that the mark would be confusingly similar. The same analysis would apply here as the marks are the same and the goods and/or services are related.

23. Defendants' use of the Infringing Mark has caused, and will continue to cause, confusion in the marketplace, harm to the business reputation and goodwill of the Flash Facial mark and to Sonya Dakar and damage to Sonya Dakar' business relations with consumers and prospective consumers for her product.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement - Against All Defendants, and Each)

24. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs, inclusive, of this Complaint.

25. Sonya Dakar is the owner of the valid, distinctive mark in Flash Facial as to, *inter alia*, facial and skincare products and services. Sonya Dakar has been using the Flash Facial mark in commerce continuously since 2010 and through its promotion and publicity it has acquired secondary meaning. The Flash Facial mark is strong and well known and is entitled to a broad scope of protection.

26. The level of recognition that Sonya Dakar has amongst the segment of society to whom Defendants sell and market facial services and products is extremely high; which is believed to be the reason Defendants have adopted and registered the Infringing Mark.

27. Defendants' use of the Infringing Mark in connection with skincare goods and services is likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association with Sonya Dakar, or as to the origin, sponsorship or approval of Defendants' goods and services. Defendants' use of "Flash Facial" has not been authorized by Plaintiff. Consumers, including Defendants' customers, are likely to believe that their use of the Infringing Mark indicates an affiliation, connection, association with, and/or sponsorship or approval of Sonya Dakar.

28. As a result of Defendants' infringing acts, Sonya Dakar has been injured in an amount not yet fully determined, but believed to be in excess of $75,000, exclusive of costs and interests. In addition, as a result of Defendant's infringing acts, Sonya Dakar has suffered and will continue to suffer irreparable harm, and it has no adequate remedy at law with respect to this injury. Unless this Court enjoins Defendants' infringing acts, Sonya Dakar will continue to suffer a risk of irreparable harm.

29. Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

30. On information and belief, Defendants' infringing acts have been knowing, intentional, wanton, and willful, entitling Sonya Dakar to treble damages, profits, attorneys fees, and costs pursuant to 15 U.S.C. § 1117.

31. Defendants' acts have damaged and will continue to damage Sonya Dakar, and Sonya Dakar has no adequate remedy at law. Unless Defendants are permanently enjoined from their unlawful use of the Flash Facial mark, Sonya Dakar will suffer irreparable harm.

## SECOND CLAIM FOR RELIEF
## CANCELLATION OF U.S. REGISTRATION NO. 4,600,598

32. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs, inclusive, of this Complaint.

33. Defendant STRIPT owns U.S. Trademark Registration No. 4,600,598 for the mark "FLASH FACIAL" in connection with international Class 44 (Aesthetician services; Beauty spa services, namely, cosmetic body care; Cosmetic skin care services; Cosmetic skin treatments, namely, skin exfoliation services, skin washing services).

34. Defendant STRIPT's registration and continued unauthorized use of the FLASH FACIAL mark violates Sonya Dakar' exclusive rights under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendant STRIPT's unauthorized use and registration misrepresents the source of the goods and services on or in connection with which the mark is used and because Defendant STRIPT 's unauthorized use and registration falsely suggests a connection with Sonya Dakar.

35. Sonya Dakar seeks cancellation of Defendant STRIPT's U.S. Trademark Registration No. 3,830,009 for the mark FLASH FACIAL, pursuant to Section 14 of the Lanham Act, 15 U.S.C. § 1064.

## **PRAYER FOR RELIEF**

WHEREFORE, Sonya Dakar demands judgment against Defendants as follows:

1. Finding that Defendants have violated Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

2. Cancelling Defendant Stript Wax Bar, LLC's U.S. Trademark Registration No. 4,600,598 for the mark "FLASH FACIAL", pursuant to Section 14 of the Lanham Act, 15 U.S.C. § 1064.

3. Granting an injunction permanently restraining and enjoining Defendants, their officers, agents, employees and attorneys, and all those persons or entities in active concert or participation with them, or any of them, from advertising, marketing, promoting, supplying, distributing, offering for sale or selling skin care products or services under the name "Flash Facial."

4. Directing that Defendants account to and pay over to Sonya Dakar all profits realized by their wrongful acts and directing that such profits be trebled in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117.

5. Awarding Sonya Dakar statutory damages in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117.

6. Awarding Sonya Dakar actual damages in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117.

7. Awarding Sonya Dakar costs and attorney's fees and investigatory fees and expenses to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117.

8. Requiring Defendants to deliver to Sonya Dakar for destruction or other disposition all remaining inventory or materials bearing the Infringing Mark, including all advertising, promotional and marketing materials therefor, as well as all means of making the same.

9. Awarding Sonya Dakar pre-judgment interest on any monetary award made part of the judgment against Defendants.

10. Awarding Sonya Dakar such additional and further relief as the Court deems just and proper.

## JURY DEMAND

Sonya Dakar demands a trial by jury.

Respectfully submitted,

Dated: May 4, 2016    By:   /s/ Stephen M. Doniger
                            Stephen M. Doniger, Esq.
                            David R. Shein, Esq.
                            DONIGER / BURROUGHS
                            Attorneys for Plaintiff
                            Sonya Dakar